IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

WAYCROSS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 CASE |
| | ) | No. 24-50535 |
| SADIE MAE JONES, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPINION AND ORDER DENYING MOTION TO
RECONSIDER DISMISSAL AND REINSTATE CASE**

Pursuant to notice, a hearing was held on Debtor's Amended Motion to Reconsider Dismissal and Reinstate Case (ECF No. 52) (the "Motion"). Creditor 21st Mortgage Corporation ("21st Mortgage") filed an Amended Response in Opposition to the Motion (ECF No. 57) (the "Response"). After consideration of the Motion, Response, the arguments at the hearing, and the relevant law, the Motion will be denied.

Debtor filed her chapter 13 petition on December 6, 2024. The filing fee of $313.00 was due to be paid in full by April 25, 2025. (ECF No. 38.) After Debtor failed to pay the filing fee, this case was dismissed on May 8, 2025. (ECF No. 46.) Debtor paid the filing fee in full on May 16, 2025, and filed the Motion shortly thereafter. She moves the Court to set aside the dismissal and reinstate her case. In support, she indicates in her Motion that she did not have the funds to pay the filing fee when it was due.

21st Mortgage opposes reinstatement because Debtor has a history of failed

bankruptcies. Debtor has filed three previous bankruptcies which were dismissed for failure to the pay the filing fee or plan payments. (ECF No. 57 at 1-2.) A fourth bankruptcy, in which she was a co-debtor, was also dismissed for failure to make plan payments. (Id.) 21st Mortgage also contends that the Motion should be denied because it is not made in good faith and is not based on fraud, mistake, or newly discovered evidence. (Id. at 2.)

At the hearing, Debtor's counsel indicated that Debtor "forgot" to the pay the filing fee on time. Debtor's counsel acknowledged that no grounds to reinstate the case under Federal Rules of Civil Procedure ("Rule" or "Rules") 59(e) or 60(b)[1] applied in this case.

Debtor cites to no authority for her Motion. An order generally may be reconsidered and set aside under certain extraordinary circumstances pursuant to Rules 59(e) or 60(b). Under Rule 59(e), a court may grant a motion to set aside a judgment to correct manifest errors of law or fact on which the judgment is based; to present newly discovery or newly available evidence; to prevent manifest injustice; or to take account of an intervening change in the controlling law. Thomas v. Sec'y, Dep't of Corr., No. 20-12389-A, 2020 WL 9209742, at *1 (11th Cir. Oct. 16, 2020) (citing Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)). Rule 60(b) provides six reasons for which a court may grant relief from a judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] Rules 59 and 60 are made applicable to bankruptcy proceedings by Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

The movant bears the burden of proof on a motion for reconsideration and must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (applying Rule 59(e)). Additionally, "[t]o prevail on a motion brought under [Rule] 60(b), the movant must demonstrate the applicability of at least one subpart of the Rule." In re Farmham, 666 B.R. 693, 703 (Bankr. M.D. Ga. 2024) (discussing Rule 60(b)).

Here, Debtor has not presented any grounds to set aside the dismissal of this case under Rules 59(e) or 60(b). See In re Faulkner, 605 B.R. 460, 462 (Bankr. E.D. Mich. 2019) (attorney office staff failing to ensure filing fee was paid was not grounds for Rule 60(b) relief); Zurich Am. Ins. Co. v. European Tile & Floors, Inc., 8:16–cv–729–T–33AAS, 2017 WL 638640, at *3 (M.D. Fla. Feb. 16, 2017) "[Overlooking deadlines . . . [is] within the

movant's control and do[es] not constitute excusable neglect."); <u>In re Dorff</u>, 480 B.R. 919, 922-23 (Bankr. E.D. Wis. 2012) (denying Rule 60(b) motion to reinstate dismissed case and finding failure to pay filing fee due to debtor's misunderstanding of difference between attorney's fees and filing fee was not "mistake" or "excusable neglect"). In fact, her counsel admitted there were no such grounds. Debtor has failed to bear her burden of demonstrating grounds to set aside the dismissal. The Court finds that no extraordinary grounds to set aside the dismissal under Rules 59(e) or 60(b) exist in this case. Accordingly, for the reasons stated above,

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the Motion (ECF No. 52) is **DENIED**.

Michele J. Kim
Chief United States Bankruptcy Judge
Southern District of Georgia

Dated at Brunswick, Georgia,
this 22nd day of July, 2025.